IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROWN, ET AL., § | | |
|    PLAINTIFFS, § | | |
| § | | |
| V. § | | CASE NO. 3:21-CV-386-S-BK |
| § | | |
| CROW, ET AL., § | | |
|    DEFENDANTS. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned for pretrial management. For the reasons below, the undersigned recommends that Plaintiffs' claims against all Defendants be **DISMISSED WITHOUT PREJUDICE**.

On February 23, 2021, Plaintiffs filed this action *pro se* and paid the $402 filing fee. Doc. 3. Thus, Plaintiffs were responsible for effecting service of process on all Defendants by May 24, 2021. *See* FED. R. CIV. P. 4(m) (requiring that a defendant be served within 90 days after the complaint is filed). On March 3, 2021, the Court issued an order placing Plaintiffs on notice of their responsibility to seek issuance of summons and service of process and warning them that failure to do so could result in dismissal of the case. Doc. 5.

Defendants have since filed multiple motions to dismiss based on insufficient process. Doc. 7; Doc. 8; Doc. 11; Doc. 12; Doc. 18. It seems they are aware of this suit because Plaintiffs simply mailed them copies, via certified mail, of the complaint without summons. *See* Doc. 6. As of this date, Plaintiffs have not sought summons from the Clerk of Court, nor have they demonstrated that they properly served Defendants with summons and a copy of their complaint by way of certified mail or any other accepted process.

Simply mailing a complaint to a defendant is not enough to effectuate service and process. *See* FED. R. CIV. P. 4(a)-(c). Nor have Plaintiffs shown good cause for their failure to serve Defendants with summons. *See* FED. R. CIV. P. 4(m). Indeed, rather than cure the defect, Plaintiffs' newly retained counsel incorrectly asserts without supporting authority that service of only the complaint by certified mail was proper. *See* Doc. 15 at 2. As 90 days have passed since Plaintiffs filed their complaint, Defendants have not been properly served with summons, and good cause has not been shown for the failure to do so, the Court must dismiss the case without prejudice. *See* FED. R. CIV. P. 4(m).

Accordingly, Plaintiffs' claims against all Defendants should be **DISMISSED WITHOUT PREJUDICE** and the pending motions in the case, Doc. 7, Doc. 8, Doc. 11, Doc. 12, Doc. 16, and Doc. 18, should be **TERMINATED AS MOOT**.

**SO RECOMMENDED** on June 29, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).