IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BROWN, ET AL., § | |
|   PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:21-CV-386-S-BK |
| § | |
| CROW, ET AL., § | |
|   DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the undersigned United States magistrate judge for pretrial management. The Court now considers Plaintiffs' *Notice of Motion to Set Aside the Order of Dismissal, Motion to Reinstate and Motion for a New Trial*. Doc. 23. Upon review, the motion should be **DENIED**.

**I. BACKGROUND**

On February 23, 2021, Plaintiffs filed their *pro se* complaint and paid the $402 filing fee. Doc. 3. Thus, Plaintiffs were responsible for effecting service of process on all Defendants by May 24, 2021. *See* FED. R. CIV. P. 4(m) (requiring that a defendant be served within 90 days after the complaint is filed). On March 3, 2021, the Court issued an order advising Plaintiffs of their responsibility to request the issuance summonses and effectuate service of process, and also warning them that failure to do so could result in dismissal of the case. Doc. 5. However, well after the 90-day period expired, Defendants still had not been properly served with summons and Plaintiffs had not shown good cause for their failure to do so. Thus, on July 12, 2021, this case was dismissed without prejudice. Doc. 22.

Nearly a month later, on August 11, 2021, Plaintiffs filed the motion *sub judice*, along with the *Affidavit and Sworn Statement* of Mark Welker, Plaintiffs' attorney of record since March 31, 2021. Doc. 14; Doc. 23; Doc. 24. In the *Notice*, Plaintiffs allege that their failure to effectuate service constitutes excusable mistake and request that the Court "set aside the July 12, 2021, order dismissing the above style and number cause" and "reinstat[e] this case." Doc. 23 at 1. In his affidavit, Welker asserts that he was unable to review the clerk's files to learn of the defective service of process because he was in quarantine after contracting the Covid-19 virus. Doc. 24 at 1. Welker further argues that Plaintiffs' insufficient service of process is harmless error and "could have been corrected if [he] had not taken ill from Covid-19." Doc. 24 at 2.

On August 15, 2021, the Defendants (grouped as "Terrel Defendants" & "Kaufman Defendants") each filed a *Response* to Plaintiffs' *Notice*. Doc. 25; Doc. 26.

**II. ANALYSIS**

A motion for relief from judgment is analyzed under Rule 59(e) if it is filed within 28 days of the entry of judgment; otherwise, it is analyzed under Rule 60(b). *See* FED. R. CIV. P. 59(e) & 60(b); *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit"), overruled on other grounds in *Thomas v. Lumpkin*, 995 F.3d 432, 439-40 (5th Cir. 2021). Here, Plaintiff's *Notice*, which includes in its title, *Motion to Set Aside the Order of Dismissal*, was filed more than 28 days from the entry of judgment; thus, it is construed as a motion for relief from judgment under Rule 60(b). Doc. 22; Doc. 23; *See* FED. R. CIV. P. 60(b); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993).

Rule 60(b) allows for relief from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Here, Plaintiffs assert that they are entitled to relief because the insufficient service of process is "excusable mistake." Doc. 23 at 3. And Plaintiffs do not assert that any new evidence has been discovered, nor do they assert misconduct by any opposing party, Doc. 23, and the July 12, 2021 judgment is neither void nor "satisfied, released, or discharged," Doc. 22. As such, Plaintiff's sole ground for relief under Rule 60(b)(1) is "mistake, inadvertence, or surprise." FED. R. CIV. P. 60(b)(1).

Specifically, Plaintiff's contend that as *pro se* litigants, they "had no way of knowing that the US mail was not the proper way to serve to give notice to the Respondent that a lawsuit had been filed against them." Doc. 23 at 3. Further, Plaintiffs' counsel asserts in his supporting affidavit that the Plaintiffs' "error and defective service are harmless and could have been corrected if [Welker] had not taken ill from Covid-19." Doc. 24 at 2.

Relief under Rule 60(b)(1) will only be granted in "unique circumstances," and the Court has considerable discretion in determining whether the movant has carried the burden for Rule 60(b) relief. *Runnels v. Sheriff, Gregg Cty.*, No. 6:20-CV-00166, 2020 WL 6395449, at *1 (E.D. Tex. Nov. 2, 2020) (quoting *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir.1985); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991)). A Rule 60(b)(1) motion may be denied "when the proffered justification for relief is the 'inadvertent mistake' of counsel." *Walker v. Transfrontera CV de SA*, 634 F. App'x 422, 426–27 (5th Cir. 2015) (quoting *Edward H. Bohlin*

*Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir.1993)); *See Pryor*, 769 F.2d at 287 ("Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.").

Moreover, "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co.*, 6 F.3d at 357. "Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010).

Here, Plaintiffs' have failed to demonstrate the "unique circumstances" that would justify Rule 60(b)(1) relief. They attribute their insufficient service of process to their ignorance of the law as *pro se* litigants and Welker further avers he was unable to provide effective legal counsel due to contracting Covid-19. Doc. 23. *See Pryor*, 769 F.2d at 287; *Edward H. Bohlin*, 6 F.3d at 357; *Alverson v. Harrison Cty., Miss.*, 643 F. App'x 412, 416 (5th Cir. 2016) (finding that attorney's illness did not qualify as excusable neglect warranting Rule 60(b)(1) relief); *Brown v. Devos*, No. 2:20-CV-286-FtM-38MRM, 2020 WL 5892017, at *1 (M.D. Fla. Oct. 5, 2020) (finding that plaintiff who suffered Covid-19 symptoms and was self-quarantined in Texas did not qualify for Rule 60(b)(1) relief). Moreover, Welker's assertions appear contradicted by the record since he filed an untimely "Answer" and "Reply" to Defendants' motions to dismiss for insufficient service on the same day as the undersigned recommendation of dismissal was filed, Doc. 20, and well before the order of the district judge overruling his "Answer" and "Reply" as an objection to the recommendation of dismissal was entered, Doc. 21.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's *Notice of Motion to Set Aside the Order of Dismissal, Motion to Reinstate and Motion for a New Trial*, construed as a 60(b)(1) motion, should be **DENIED**.

**SO RECOMMENDED** on November 19, 2021.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).